IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WILLIE LEE BRYANT, #128787**                                    **PLAINTIFF**

**V.**                                                                       **CASE NO. 3:13-cv-1028-LG-JCG**

**SCOTT MARQUART, L. WARREN, S. JONES,**
**J. BIRDTAIL, D. SMITH, J. GRAHAM, M. STEELE,**
**AND S. RATCLIFFE**                                             **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is the motion [42] for summary judgment filed by Defendants J. Birdtail, S. Jones, L. Warren, D. Smith, M. Steele, S. Ratcliffe, J. Graham and Scott Marquardt. A response was not filed by Plaintiff Willie Lee Bryant. Having considered the facts and applicable law, the undersigned is of the opinion that the motion should be granted and that this action should be dismissed without prejudice.

## Facts

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections (MDOC) and is housed at the East Mississippi Correctional Facility (EMCF). Plaintiff filed this lawsuit against prison officials pursuant to 42 U.S.C. § 1983 on July 2, 2013. Plaintiff is proceeding *pro se* and *in forma pauperis*.[1]

This lawsuit stems from a rule violation report (RVR) that a prison guard (Sergeant Donald) issued to Plaintiff on November 11, 2012. The RVR indicates that Plaintiff called Donald "stupid" after Donald denied Plaintiff's request for a second dinner plate. A disciplinary hearing was held on November 21, 2012. Plaintiff admitted to the disciplinary

---

[1] Since this lawsuit was filed, Plaintiff has had three (3) other actions dismissed as "frivolous" pursuant to 28 U.S.C. § 1915. *See Bryant v. Smith et al.*, 4:13-cv-172-CWR-LRA (S.D. Miss.) (Order [8] dismissing action as frivolous pursuant to § 1915(e) on November 22, 2013); *Bryant v. Tucker et al.*, 3:13-cv-800-DPJ-FKB (S.D. Miss.) (Order [45] dismissing action as frivolous pursuant to § 1915(e) on September 22, 2014); *Bryant v. Shaw et al.*, 3:13-cv-1056-DPJ-FKB (S.D. Miss.) (Order [35] dismissing complaint as frivolous pursuant to § 1915(e) on April 18, 2014).

hearing officer (Defendant Jones) that he called Donald "stupid" at the hearing. Jones found Plaintiff guilty of being disrespectful toward correctional staff and revoked Plaintiff's commissary privileges for thirty (30) days as punishment.

Plaintiff filed a grievance with the prison's administrative remedy program (ARP) after the hearing. The grievance sought to invalidate the RVR conviction on procedural grounds. Plaintiff argued that the disciplinary hearing was not held within seven (7) days after he was issued the RVR, and that Jones failed to provide him with an explanation for the three-day delay. Plaintiff did not dispute that he committed the underlying offense in the grievance.

Plaintiff did not complete the prison's ARP grievance procedure before filing this lawsuit. Plaintiff claims that the individual and collective actions of Defendants Birdtail, Jones, Warren, Smith, Steele, Ratcliffe, and Graham, prevented him from completing the ARP grievance procedure. Plaintiff contends that this alleged interference forced him to file this lawsuit on July 2, 2013.

In this lawsuit, Plaintiff claims that the procedural defects in his prison disciplinary hearing violated his constitutional rights. Plaintiff alleges that his constitutional rights were violated because he lost commissary privileges for thirty days, a job in the prison commissary, and was subjected to custody reclassification after his RVR conviction. These claims are asserted against the disciplinary hearing officer, Defendant Jones.

Plaintiff also alleges that his constitutional rights were violated by Defendants' failure to properly process his ARP grievance, and that Defendants' alleged interference with the grievance process was (i) an unconstitutional interference with legal mail; (ii) an unconstitutional denial of access to the courts; and (iii) an unconstitutional retaliation. Plaintiff also claims that he was discriminated against on the basis of his gender because all the defendants (except for Defendant Marquardt) are female. These claims are asserted

against Defendants Birdtail, Jones, Warren, Smith, Steele, Ratcliffe, and Graham. Plaintiff also claims that Defendant Marquardt is vicariously liable for the actions of his co-defendants because they are "employees of his corporation" and he has failed to take any disciplinary action against them.

On April 24, 2014, an omnibus hearing was held and a scheduling order [34] was entered. At the omnibus hearing, Defendants produced all records relating to Plaintiff's complaint, including prison records, incident reports, the RVR, the offender log, and the classification log at that time. The discovery deadline lapsed on June 2, 2014. [34]. Defendants timely moved for summary judgment on June 16, 2014. [42]. Plaintiff did not respond.

## **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the non-moving party." *Chiu v. Plano Indep. Sch. Dist.*, 339 F.3d 273, 282 (5th Cir. 2003). When considering a summary judgment motion, a court "must view all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002) (quotations omitted). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

"If a non-movant fails to respond to a motion for summary judgment, it is improper to grant the motion based solely on the non-movant's failure to respond." *Alsobrook v. GMAC Mortg.*, L.L.C., 541 Fed.Appx. 340, 342 (5th Cir. 2013). "Instead, summary judgment should only be granted in such a case if 'the moving party discharges its initial burden' of showing that there is no genuine dispute as to any material fact." *Id.* (quoting *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir.1985)).

## Analysis

### I. All claims against Defendant Graham should be dismissed pursuant to Federal Rule of Civil Procedure 25(a).

On June 13, 2014, a suggestion of death was filed stating that "Defendant Joyce Graham died on June 11, 2014, during the pendency of this civil action." [41]. Attached thereto was a copy of an obituary published by the *Meridian Star* newspaper. [41-1]. A motion for substitution was not filed within ninety (90) days. Defendant Graham "must" be dismissed from this lawsuit as a result. Fed.R.Civ.P. 25(a) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party. … If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

### II. Plaintiff's due process claims should be dismissed pursuant to Federal Rule of Civil Procedure 56(a).

"To state a Fourteenth Amendment due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Morris v. Livingston*, 739 F.3d 740, 750 (5th Cir. 2014). "A constitutionally protected liberty interest is 'limited to freedom from restraint which ... imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Williams v. King*, 2012 WL 5207550 (S.D. Miss. 2012) (quoting *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S. Ct. 2293 (1995).

Plaintiff first alleges that Defendant Jones' failure to properly conduct his prison disciplinary hearing violated his constitutional due process rights. This claim is without merit. A prison official's failure to follow the prison's own policies, procedures or regulations when investigating or resolving an RVR does not rise to the level of a due process violation.[2] Nor do courts "second-guess" the findings and determinations of a prison disciplinary hearing.[3] "A reviewing court is required only to find 'some evidence' supporting a disciplinary hearing officer's decision." *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009).

Plaintiff's disciplinary hearing in this case was not a violation of due process. Plaintiff was afforded a disciplinary hearing on the RVR and Plaintiff admitted to the underlying violation for which he was charged. The procedural defect alleged by Plaintiff is insufficient to show that his disciplinary hearing was unconstitutional.

Plaintiff also alleges that his constitutional rights were violated because he lost commissary privileges for thirty days, a job in the prison commissary, and was subjected to custody reclassification as a result of his RVR conviction. These claims should also be dismissed because a prisoner does not have a "protected liberty interest" in commissary privileges,[4] prison employment,[5] or custody classification.[6] Plaintiff has not shown that his

---

[2] *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("Our case law is clear, however, that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met.").

[3] *Hoye v. Nelson*, 2007 WL 1321964 (N.D. Miss. 2007) ("Federal courts do not 'second-guess' the findings and determinations of prison disciplinary committees. The Constitution does not demand 'error-free decision making....'. The Plaintiff was afforded a disciplinary hearing on the RVR, thus meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, the state's failure to adhere to its own regulations does not rise to the level of a constitutional violation.").

[4] *Landor v. Lamartiniere*, 515 Fed.Appx. 257, 259 (5th Cir. 2013) ("To the extent that Landor is arguing that defendants violated his right to due process by filing false disciplinary charges against him, he has not demonstrated that the punishments he received, loss of canteen privileges and transfers to different cellblocks, 'impose[an] atypical and significant hardship[] ... in relation to the ordinary incidents of prison life.'").

RVR conviction resulted in an "atypical and significant hardship" in relation to the ordinary incidents of prison life.

Plaintiff's claim that Defendants failed to properly process his ARP grievance should also be dismissed. Plaintiff fails to show that the processing of his ARP grievance was prejudicial to him in this lawsuit, as required by the Fifth Circuit:

> Thomas's assertion that prison officials improperly processed grievances fails to establish that his position as a litigant was prejudiced and thus fails to state a constitutional claim. *See Walker v. Navarro County Jail,* 4 F.3d 410, 413 (5th Cir. 1993). Thomas not only filed a suit challenging the actions and deprivations alleged in his grievances, but that suit was considered and disposed of on the merits. To the extent that he is challenging the outcome of the grievance process, Thomas has no protected liberty interest in having the grievances resolved to his satisfaction.

*Thomas v. Owens*, 345 Fed.Appx. 892 (5th Cir. 2009).

Plaintiff does not offer any evidence that his legal position was damaged by any alleged defect in the grievance procedure. The processing of his ARP grievance did not preclude Plaintiff from filing this lawsuit or from having his claims decided on the merits. Plaintiff also fails to demonstrate that an actionable claim was lost or rejected because of Defendants' conduct in processing his ARP grievance.

The absence of any such evidence also warrants the dismissal of Plaintiff's claim that Defendants unconstitutionally interfered with his legal mail when processing his ARP

---

[5] *Sylvester v. Cain*, 311 Fed.Appx. 733 (5th Cir. 2009) (Pro se state prisoner did not have protected liberty interest in his prison job and housing classifications, and thus, prison officials did not violate his due process rights when they denied him the opportunity to be heard with respect to his job and housing reclassification).

[6] *Adeleke v. Heaton*, 352 Fed.Appx. 904 (5th Cir. 2009) ("Adeleke's allegations fail to state a claim for deprivation of due process of law arising out of his change in housing or arising out of the lockdown after the transfer of housing units. Adeleke's due process challenge to his transfer from one unit to another are without merit; prison officials exercise sole discretion over inmate unit placement, and inmates do not have a constitutionally protected property or liberty interest in housing in certain facilities.").

grievance,[7] as well as his claim that he was unconstitutionally denied access to the courts by Defendants when processing his ARP grievance.[8]

Plaintiff's claim of unconstitutional retaliation should also be dismissed. "To state a valid claim for retaliation under § 1983, a prisoner must allege (1) his invocation of a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner due to his exercising that right, (3) a retaliatory adverse act, and (4) a causal connection." *Scott v. Nail*, 2015 WL 110589 (5th Cir. Jan. 8, 2015). "Claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Id*. "Conclusional assertions of retaliation are insufficient; to establish a claim for retaliation, a prisoner must produce either direct evidence of retaliation or at least 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Id*. (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). A valid retaliation claim cannot be plausibly inferred from Plaintiff's unsupported allegations of interference with his ARP grievance by Defendants. Plaintiff also fails to show that the alleged retaliatory acts resulted from his invocation of a specific constitutional right. Dismissal of Plaintiff's claim of unconstitutional retaliation is therefore appropriate.

### III. Plaintiff's equal protection claims should also be dismissed pursuant to Federal Rule of Civil Procedure 56(a).

"To prove an equal protection violation on the basis of sex, male prisoners must prove male and female prisoners are similarly situated." *Oliver v. Scott*, 276 F.3d 736, 746

---

[7] *Clemons v. Monroe*, 423 Fed.Appx. 362, 364 (5th Cir. 2011) ("Further, although interference with prison mail that prevents an inmate from preparing and transmitting a necessary legal document to a court does violate an inmate's constitutionally protected right of access to the courts, Clemons has failed to demonstrate an actual legal injury stemming from the defendants' unconstitutional conduct, that is, he has failed to demonstrate that he was prevented from raising a meritorious legal issue.").

[8] *Birl v. Hicks*, 569 Fed.Appx. 216, 217 (5th Cir. 2014) ("Although inmates have a constitutionally-protected right of access to the courts, to prevail on such a claim a prisoner must show actual injury. Such an injury occurs when an inmate 'shows that an actionable claim ... which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented.'")

(5th Cir. 2002). The basis for Plaintiff's gender discrimination claim is that he is male and that all of the prison officials he has complained about (except for Defendant Marquardt) are female. Plaintiff has not produced any evidence in support of the general allegations stated in his complaint. Plaintiff has not offered any evidence that Defendants took any adverse action against him due to his gender or that other similarly situated female prisoners were treated differently. Accordingly, all claims in this regard should be dismissed.

### IV. Plaintiff's *respondeat superior* claims should be dismissed pursuant to Federal Rule of Civil Procedure 56(a).

"Section 1983 does not create vicarious or *respondeat superior* liability. Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003) (internal citations omitted). "A supervisory official is held to a standard of 'deliberate indifference,' which requires proof that the supervisor 'disregarded a known or obvious consequence of his action.' A supervisor will not be held liable for unintentional oversights." *Id.* (internal citations omitted).

Plaintiff sued Defendant Marquardt because his co-defendants in this lawsuit are "employees of his corporation," and that Defendant Marquardt has not taken any disciplinary action against them. Plaintiff does not allege that Defendant Marquardt was directly involved in any purported constitutional violation. There is no evidence that Defendant Marquardt was directly involved in any purported constitutional violation. Defendant Marquardt cannot be vicariously liable for the alleged acts or omissions of his subordinates as a result. Plaintiff's claims in this regard should also be dismissed.

## **RECOMMENDATION**

Based on the above analysis, the undersigned recommends that Plaintiff's claims against Defendant Graham be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 25(a), and that all remaining claims be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 56(a).

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.

Signed, this the 21st day of January, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE